NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILLIP L. WRIGHT,<br><br>Petitioner - Appellant,<br><br>v.<br><br>CONNIE GIBSON,<br><br>Respondent - Appellee. | No. 17-55388<br><br>D.C. No. 2:13-cv-09571-DMG-AFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California, Los Angeles
Dolly M. Gee, District Judge, Presiding

Argued and Submitted January 8, 2020
Pasadena, California

Before: WATFORD and BENNETT, Circuit Judges, and RAKOFF,[**] District Judge.

In *Wainwright v. Greenfield*, 474 U.S. 284, 292, 295 (1986), the United States Supreme Court held that it is a due process violation for a prosecutor to use a defendant's post-*Miranda* silence to overcome a plea of insanity. Yet, in the instant case, the prosecutor repeatedly violated *Wainwright* in the sanity phase of

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

the state court criminal trial of petitioner Phillip L. Wright, going so far as to argue to the jury on summation that Wright's invocation at the time of his arrest of his constitutional rights to silence and to counsel was "in and of itself" sufficient to reject his plea of insanity. Based on these *Wainwright* violations, Wright sought habeas relief from the California Court of Appeal, which nevertheless denied his petition, finding in effect that any error was harmless. After the California Supreme Court summarily denied his subsequent petition for review, Wright filed the instant federal habeas petition to the district court below, which, adopting the magistrate judge's report and recommendation, denied the petition with prejudice. The district court subsequently granted Wright's request for a certificate of appealability as to his *Wainwright* claim only, and this appeal followed. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

"We review de novo the district court's denial of [Wright's] habeas petition, and we review the district court's findings of fact for clear error." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014). Substantively, the applicable legal standards are supplied by *Brecht v. Abrahamson*, 507 U.S. 619 (1993) and 28 U.S.C. § 2254(d). While there may be uncertainty as to which might best apply,[1] we need not reach

---

[1] "[A] prisoner who seeks federal habeas corpus relief must satisfy *Brecht*, and if the state court adjudicated his claim on the merits, the *Brecht* test subsumes the limitations imposed by [§ 2254(d)]." *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015). Accordingly, this Court "need not formally apply" the § 2254(d) test in addition to the *Brecht* test, but does so here as § 2254(d) "sets forth a precondition to the grant

that question because we find that, under either standard, Wright has more than carried his burden.

Under *Brecht*, we find that the *Wainwright* errors during the sanity phase of trial "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623 (internal citation omitted). We consider the following three factors in carrying out the *Brecht* inquiry in the present context: "(1) the extent of the comments, (2) whether an inference of [sanity] from silence was stressed to the jury, and (3) the extent of other evidence suggesting the defendant's [sanity]." *Hurd v. Terhune*, 619 F.3d 1080, 1090 (9th Cir. 2010) (internal citation and alterations omitted); *see also Brecht*, 507 U.S. at 639. The first two factors very strongly favor granting the petition, because the prosecution's case for sanity relied extensively on Wright's invocation, referencing it on ten separate occasions during opening, examinations, and closing. Although the prosecution also used other evidence to suggest Wright's sanity, they placed special emphasis on his invocation of his constitutional rights. For example, as noted, the prosecutor stressed to the jury during summation that Wright's invocation "in and of itself, shows he knew the nature and consequences of what he was doing and he knew that what he had did [*sic*] was wrong." As to the third factor, when it came to evidence of what was Wright's state of mind at the time of

of habeas relief." *Id.* at 2198 (internal citation and alterations omitted); *see also Garcia v. Long*, 808 F.3d 771, 782 (9th Cir. 2015).

3

the commission of the crime—which is the ultimate issue—almost none of the other evidence of Wright's alleged sanity approached in temporal immediacy as the evidence of his invocation of his rights.

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, we find that the California Court of Appeal[2] unreasonably applied clearly established federal law as determined by the U.S. Supreme Court and unreasonably determined facts in light of the evidence presented at trial. Indeed, the state court appears to have labored under a material misimpression of what established federal law is in this area, stating at one point that the "prosecution could lawfully impeach and rebut [defense expert] by presenting evidence establishing a different explanation for appellant's lack of communication"—a position totally inconsistent with *Wainwright*. Here, "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the U.S. Supreme Court's] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Furthermore, the state court made a grossly unreasonable determination of material facts when, ignoring the clear record, it refused to acknowledge that the prosecutor directly told the jury during summation that Wright's invocation "in and

---

[2] The California Court of Appeal's opinion which denied Wright's claim on the merits—rather than the California Supreme Court's summary denial of the petition for review—is the relevant state adjudication for purposes of § 2254 review. *See Berghuis v. Thompkins*, 560 U.S. 370, 378–80 (2010).

of itself" was evidence of his sanity. Compounding its error, the California court pointed instead to statements the prosecutor had made in his opening and, on that basis, wrongly accused the defense of misstating the record. Moreover, as discussed above, little of the State's other evidence was probative of Wright's state of mind at the time of the offense. The state court's complete failure to appreciate how Wright's invocation of his constitutional rights was emphasized to the jury on summation as sufficient proof of his sanity—a flat violation of *Wainwright*—and the lack of other evidence on which the jury's sanity finding could be based serve to illustrate that the state court's "harmless error determination was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Sifuentes v. Brazelton*, 825 F.3d 506, 535 (9th Cir. 2016) (internal quotations and citation omitted).

As for the report by the magistrate judge adopted by the district court, the magistrate judge clearly erred in recommending affirming the state court's factual determination in this respect (among others). The magistrate judge reframed this issue, in a puzzling manner, as whether the "in and of itself" statement was the prosecution's direct argument or attribution to Dr. David Fennell's opinion. This distinction is completely irrelevant because, under either scenario, it still is the case that the prosecutor was highlighting to the jury that Wright's invocation in and of itself suggested his sanity.

5

Because of these errors, the magistrate judge and the district court did not reach the one issue that remains—whether the failure of defense counsel to object at trial to the prosecutor's repeated *Wainwright* violations constitutes a procedural bar to his habeas petition or whether it is excused because of inadequacy of counsel.[3] Accordingly, while we reverse the district court's denial of the petition with respect to the *Wainwright* claim on the merits, we remand the case to the district court for determination of the undecided procedural bar issue.

**REVERSED AND REMANDED.**

---

[3] In contrast, the California Court of Appeal made its ruling based on both the procedural bar—finding that Wright "did not object to the prosecutor's remarks or questions and is precluded from claiming *Doyle/Wainwright* error on appeal"—and the merits.